UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DOUGLAS EUGENE CATT,

    Petitioner,

v.                                                   Case No. 5:19-cv-240-TKW-MJF

MARK INCH,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Douglas Catt has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Respondent ("the State") answered, providing relevant portions of the state court record. (Doc. 17). Catt replied. (Doc. 22). Thereafter, the State filed an amended answer asserting the additional defense that the petition is time barred. (Doc. 25). Catt has not responded to the statute of limitations defense.[1] The undersigned concludes that no evidentiary hearing is required for the disposition of this matter, and that Catt's petition should be dismissed as untimely.[2]

---

[1] Catt's response deadline expired on June 24, 2021, which is thirty days after the State's amended answer was filed. (*See* Doc. 24).

[2] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I.   BACKGROUND AND PROCEDURAL HISTORY

In Bay County Circuit Court Case No. 2014-CF-3954, Catt was charged with six crimes: one count of Lewd or Lascivious Battery (Count I); one count of Unlawful Sexual Activity with a Minor (Count II); two counts of Providing a Controlled Substance to a Minor (Counts III and VI); one count of Unlawful Tattooing of a Minor (Count IV); and one count of Lewd or Lascivious Exhibition (Count V). (Doc. 17-1, Ex. B1 at 53-54).[3] At trial, the trial court granted a judgment of acquittal on Counts III and VI. (Doc. 17-1, Ex. B14 at 177). The jury found Catt guilty on Count I of the lesser-included offense of Unnatural and Lascivious Act; guilty on Count II as charged; not guilty on Count IV; and guilty on Count V of the lesser included offense of Unnatural and Lascivious Act. (Doc. 17-1, Ex. B1 at 99-100).

The trial court adjudicated Catt guilty of Counts I, II and V consistent with the jury's verdict. (*Id*. at 113-17). The court sentenced Catt to time-served on Counts I and V, and to 30 years of imprisonment on Count II as a Habitual Felony Offender.

---

[3] Citations to the state court record are to the electronically-filed exhibits attached to the State's original answer (Doc. 17). The court cites the attachment number followed by the lettered exhibit and the page number of the original document. If a page of a document bears more than one page number, the court cites the Bates stamp number appearing at the bottom right corner of the page.

(*Id*.). The Florida First District Court of Appeal ("First DCA") affirmed on July 26, 2016, *per curiam* and without written opinion. *Catt v. State*, 195 So. 3d 375 (Fla. 1st DCA 2016) (Table) (copy at Doc. 17-2, Ex. B17). Catt did not move for rehearing. (Doc. 1 at 3).

On August 7, 2017, Catt filed a *pro se* motion for postconviction DNA testing, citing Florida Rule of Criminal Procedure 3.220 which governs pretrial discovery. (Doc. 17-2, Ex. F1). On August 15, 2017, the state circuit court construed the motion as a motion for postconviction DNA testing under Florida Rule of Criminal Procedure 3.853, and dismissed the motion as facially insufficient with leave to amend. (Doc. 17-2, Ex. F2). Catt filed an amended Rule 3.853 motion on September 18, 2017. (Doc. 17-2, Ex. F3). The state circuit court denied the motion on May 15, 2018. (Doc. 17-2, Ex. F4).[4] Catt did not appeal that order. (Doc. 17-1, Ex. A at 3 (Docket Sheet)).

On January 8, 2018, Catt filed a *pro se* petition in the First DCA alleging ineffective assistance of appellate counsel. (Doc. 17-2, Ex. D1). The First DCA denied the petition on March 1, 2019. *Catt v. State*, 273 So. 3d 954 (Fla. 1st DCA

---

[4] In the meantime, on August 31, 2017, Catt filed a notice to compel documents, which the state circuit court denied. (Doc. 1 at 4; Doc. 17-1, Ex. A at 3).

2019) (per curiam) (Table) (copy at Doc. 17-2, Ex. D2). The First DCA denied rehearing on June 24, 2019. (Doc. 17-2, Ex. D4).

On June 27, 2019, Catt filed a *pro se* motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). (Doc. 17-2, Ex. G1). The state circuit court denied the motion on July 15, 2019. (Doc. 17-2, Ex. G2). Catt did not appeal that order. (Doc. 17-1, Ex. A at 2).

Catt filed his *pro se* federal habeas petition on July 18, 2019. (Doc. 1 at 1). Catt's petition raises four claims: a claim of trial court error, two claims of ineffective assistance of appellate counsel, and one claim of ineffective assistance of trial counsel. (Doc. 1). The State asserts that Catt's petition is time barred, partially procedurally defaulted, and without merit. (Doc. 25).

## II.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Catt's § 2254 petition, because the petition was filed after the AEDPA's effective date—April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

Catt does not assert that an unconstitutional State-created impediment to filing his federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his judgment became final. Accordingly, the statute of limitations is measured from the remaining trigger, which is the date Catt's judgment became final. *See* 28 U.S.C. § 2244(d)(1).

Catt's judgment became final on October 24, 2016—ninety days after the First DCA's July 26, 2016, judgment—when Catt's time for filing a *certiorari* petition in

the United States Supreme Court expired. *See* 28 U.S.C. § 2244(d)(1); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that for petitioners who do not pursue direct review all the way to the United States Supreme Court, their judgments become final for purposes of § 2244(d)(1)(A) "when the time for pursuing direct review in [the Supreme] Court . . . expires."); *Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006) (holding that petitioner's limitations period began to run 90 days after the Florida appellate court affirmed his conviction and sentence).

The federal habeas limitations period began to run one day later, on October 25, 2016, and expired one year later, on October 25, 2017, absent tolling. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (holding that Federal Rule of Civil Procedure 6(a)(1) applies to calculation of the AEDPA's one-year limitations period; thus, the limitations period begins to run from the day after the day of the event that triggers the period); *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (holding that the limitations period should be calculated according to the "anniversary method," whereby the limitations period expires on the one-year anniversary of the date it began to run).

Catt did not file any application that qualified for statutory tolling under 28 U.S.C. § 2244(d)(2), during that critical one-year period. Catt's Rule 3.853 motion

for postconviction DNA testing did not statutorily toll the limitations period. *See Brown v. Sec'y for Dep't of Corr.*, 530 F.3d 1335, 1337-38 (11th Cir. 2008) (holding that a Rule 3.853 motion for postconviction DNA testing is "an application for discovery only" and that it is not "an application for post-conviction or other collateral review with respect to the pertinent judgment, for purposes of the AEDPA tolling statute" (citing 28 U.S.C. § 2244(d)(2))); *see also, e.g., Bembo v. Sec'y Dep't of Corr.*, No. 16-16571-C, 2017 WL 5070197 (11th Cir. Mar. 30, 2017) (same).

Catt's state habeas petition and Rule 3.800(a) motion did not toll the limitations period, because they were filed after the limitations period expired. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Catt's § 2254 petition, filed on July 18, 2019, is untimely *by almost two years*. Catt's untimely petition should be dismissed.

### III.  CERTIFICATE OF APPEALABILITY IS NOT WARRANTED

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing

required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. ___, 137 S. Ct. 759, 774 (2017) (quoting *Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Here, Petitioner has not made the requisite demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

### IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. The petition for writ of habeas corpus (Doc. 1), challenging the judgment of conviction and sentence in *State of Florida v. Douglas Eugene Catt a/k/a Douglas Eugene Catts*, Bay County Circuit Court Case No. 2014-CF-3954, be **DISMISSED WITH PREJUDICE** as time barred.

2. The District Court **DENY** a certificate of appealability.

3. The clerk of court close this case file.

At Pensacola, Florida, this 15th day of July, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**